# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

STEVE MADDEN                                                                                               PLAINTIFF

v.                               NO. 3:13CV00196 JLH

LARRY MILLS, Sheriff,
Poinsett County Detention Center                                              DEFENDANT

## ORDER

Steve Madden has filed a *pro se* action against Larry Mills, Sheriff of Poinsett County. In his statement of the claim he says, "Larry Mills did not give me proper medical assistance when I was locked up." That one sentence constitutes all of Madden's allegations.

Because Madden is seeking leave to proceed *pro se* in an action seeking relief against a governmental entity, or an officer or employee of a governmental entity, 28 U.S.C. § 1915A. The Court must dismiss the complaint if it, or any portion of it, is frivolous, malicious, or fails to seek a claim upon which relief may be granted; or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim for relief, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). "While courts liberally construe *pro se* complaints, *pro se* litigants must still allege sufficient facts to state a plausible claim for relief." *Ellis v. City of Minneapolis*, 518 Fed. Appx. 502 (8th Cir. 2013).

Here, Madden has alleged no facts to support his claim. The Court therefore directs that he file an amended complaint within thirty (30) days from the entry of this Order. The amended

complaint must state the name of each person individually involved in the actions at issue in the complaint; how each individual was personally involved in those actions; and how each individual violated Madden's constitutional rights. Madden must state specific facts concerning the allegations he is making, including, where applicable, dates, times, and places. If he wishes to name additional defendants concerning his allegations, he must state specific facts concerning the allegations as to each defendant.

In accordance with the above instructions, Madden must file an amended complaint within thirty (30) days of this Order. If he fails to do so, this action will be dismissed without prejudice. *See* Local Rule 5.2(c)(2), which states:

> If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 19th day of September, 2013.

_J. Leon Holmes_
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE